Springer, J.,
dissenting in part and concurring in part in the judgment only:
Although I concur, in part, in the result, I respectfully dissent from the majority opinion.
I believe that the district court’s refusal to award damages for future surgery was supported by substantial evidence. The plaintiff in a negligence case bears the burden of proof on each element of the negligence cause of action, including damages. Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590-91 (1991). Moreover, it is the role of the trier of fact, not this court, to judge the credibility of witnesses; consequently, this court generally may not substitute its own evaluation of the evidence for that of the district court where the district court had an opportunity to hear the witnesses and judge their demeanor. Kobinski v. State, 103 Nev. 293, 296, 738, P.2d 895, 897 (1987). Although Dr. Wasserman provided uncontradicted testimony that future surgery was “absolutely necessary” in Hall’s case, Dr. Wasserman is not simply an expert on TMJ injury, but is also the orthodontist who would be performing Hall’s surgery. For this reason, the district court was entitled to be somewhat suspicious of Dr. Wasserman’s diagnosis. Finally, I believe that this fact, together with Dr. Keropian’s testimony that most TMJ injury sufferers do not undergo corrective surgery, sufficiently supports the district court’s determination that Hall had not sustained his burden of proving the reasonable necessity of future surgery. Because I do not find the district court’s conclusion clearly erroneous, I would affirm on the issue of damages. However, because I believe that Hall was improperly prevented from fully litigating his negligent retention and supervision causes of action, I would remand these issues to the district court for a new trial.